Judge Underwood
delivered the Opinion of the Court.
This is an action of assumpsit for work and labor. It seems that Polly Coleman, the plaintiff, was placed by her father, when a small girl, with the defendant, Simpson, at whose house she lived until she was twenty four or five years of age, when she was driven away ; that-she labored, ever since she was large enough, faithfully and continually, in the defendant’s service, spinning, weaving, washing, cooking, cutting wood, and even carrying wood from the forest; that she was clothed out of the same materials as those worn by the defendant’s wife ; that she slept in the same bouse and eat at the same table, with the defendant’s family, and that her services were worth as much as those of any female employed in performing such work as she did. It appeared that the defendant and his wife ordered and directed the plaintiff in the performance of her work, as they would a slave, with some difference of manner, and that the plaintiff, although not deficient in intellect, was nevertheless very ignorant, having received little or no moral or intellectual instruction. The defendant’s wife performed the same kind of work as that done by the plaintiff.
It was ■ proved, that the defendant went to see the plaintiff, after this suit was brought. During the interview, the plaintiff appeared to be much alarmed, and told the defendant she had authorized no one to bring the suit, did not know of its existence, and had no demand against him. The defendant proved, that;the plaintiff said, on his last visit to her, for the purpose of trying to settle the suit, being considerably alarmed, that she bad not authorized the bringing of the suit, and did not know of its existence.
Upon the foregoing evidence, the court, on motion of the defendant, instructed the jury to find as in case of a non suit.
A female plaintiff, visited by defendant,seeking to settle the controversy -— denied, in a state of alarm, that she authorized, or knew of, the suit, and said she had no demand on defendant : — not ground for a non suit; the jury may take this, with the other evidence, and allow it what weight they will.
We think the jury might, from the evidence given by the plaintiff, have come to the conclusion, that the work and labor performed by the plaintiff was not done as a volunteer, without hope or expectation of reward beyond the food, raiment and lodging furnished the plaintiff. Where there is no positive proof of an express contract to pay for work and labor, the existence of such a contract may be inferred from circumstances; and we are of opinion, that the jury might, from the circumstances of this case, have come to the conclusion, that the defendant promised expressly to compensate the plaintiff for her services, after her arrival at full age. Where work is done at the request of another, the law will imply a promise to pay for the work whatever sum the laborer deserved to have, although no price was agreed on. Whether work is done on request, or not, is to be proved, like other facts, either positively or circumstantially. We think the facts of this case would have authorized the jury to" decide, that the plaintiff labored for defendant at his request. If that should be their conclusion, the law implies a promise on the part of defendant to pay the plaintiff what she deserved to have, and the jury should have given it in damages. But if the jury shall be of opinion, that there was no express contract to pay the plaintiff the value of her services, and that the defendant did hot request the plaintiff to perform the work, but that she did it of her own accord, through kindness, or with a disposition to recompense the defendant for her maintenance so long as she continued a member of his family, then they ought to find for the defendant.
We think the plaintiff’s declarations, in a state of alarm, about her ignorance of the institution of the suit, and having no demand against the defendant, should not conclude her. The jury should have been left to give them such consideration as they deserved. They may have tended, in some degree, to explain the true attitude of the parties.
Judgment reversed, with costs, and cause remanded for a new trial.