Griswold vs. Popham, &c.

CASE 8—ATTACHMENT—SEPTEMBER 17.

# Griswold vs. Popham, &c.

### APPEAL FROM MEADE CIRCUIT COURT.

1. By *sec.* 450 of the Code, personal judgment cannot be rendered against a defendant who has not appeared, although summoned as provided in *sec.* 86.

2. Nor can personal judgment be rendered against a mere garnishee, who is cited only by service of the attachment, and who did not appear, nor was required to appear, to disclose facts. (*Code, sec.* 248 ; 3 *Met.*, 177.)

J. C. WALKER for appellant.

COALE & RICHARDSON for appellees.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT :

Although the service prescribed by the 86th section of the Code is therein denominated "*actual*," as contradistinguished from "*constructive*," as defined in section 88 and regulated in title 10, chapter 1 ; yet section 450 forbids a judgment *in personam* against not only a party "constructively" summoned, but a defendant also who had been cited in the mode prescribed in the said section 86.

Consequently, the personal judgment against Griswold was unauthorized, and must be reversed.

The personal judgment against Allen as garnishee is also erroneous. There was no charge that he was a debtor of Griswold, or held any of his property. He was cited only by serving on him the attachment against Griswold; and no property was attached. He did not appear, nor was required to appear, to disclose facts. And, in that attitude, no personal judgment against him was authorized, as indicated by section 248, and settled by this court in *Smith, &c., vs. Gower.* (3 *Met.*, 177.)

Wherefore, the judgment against Griswold, and that also against Allen, are reversed, and the cause remanded for further proceedings.