JUDGE HARDIN
delivered the opinion oe the court.
The appellee, James O’Toole, having recovered a judgment against E. P. Thomas, an execution was regularly issued thereon, and returned by the sheriff indorsed “no property found;” and the plaintiff subsequently filed his petition in equity against said.Thomas and T. J. Joyce and others, exhibiting his judgment, execution, and return, and alleging separate liabilities to Thomas from his co-defendants, and among them a debt of seventy-five dollars as due to Thomas from Joyce, for which the plaintiff prayed judgment against Joyce in satisfaction of so much of the judgment against Thomas. In this action Thomas was served with a summons on the 11th of November, 1866, and Joyce on the 14th of that month; but other defendants who, it was alleged, were severally indebted to Thomas were not summoned.
In April, 1867, said Joyce and Thomas failing to answer, a judgment was rendered against Joyce for said sum of seventy-five dollars, and as to certain other parties the cause was continued.
On the 24th day of June, 1867, Joyce brought this suit in equity against said O’Toole and Thomas and "Wilhoit Carpenter, seeking to enjoin and finally vacate said last named judgment, under the provisions of sections 579 and 581 of the Civil Code, for the alleged causes: First, that the plaintiff was not summoned as a defendant in the action; second, the judgment was obtained by fraud; third, the judgment was prematurely rendered, and in violation of a rule of court requiring causes intended to be submitted for trial to be set by counsel on a trial docket on or before the third day of the term at which they are set for trial. It was alleged in the petition that the plaintiff was not when sued as a garnishee indebted to Thomas, but that a note for seventy-five dollars had been executed to Thomas by *33 the plaintiff’s wife, Mary Joyce, and that the same was assigned to the defendant Carpenter before said suit was brought.
O’Toole answered the petition, denying the existence of any cause for vacating said judgment or a re-trial of the former suit; and he alleged, moreover, that if it was true that said T. J. Joyce was not indebted by note to Thomas in said sum of seventy-five dollars, but that a note for that sum was given by the wife of Joyce instead of himself, said T. J. Joyce nevertheless was indebted to Thomas in said sum, as alleged in the former suit, for property for which the note of Mrs. Joyce was given, but which property said T. J. Joyce received and converted to his use.
The court dissolved the injunction which the plaintiff" had obtained and dismissed his petition, and he has appealed from, the judgment to this court.
As to the ground alleged for a new trial, the statement that the judgment was rendered against Joyce without the service of process on him is contradicted by the record. But if the fact existed, it is not one of the grounds enumerated by said sections of the Code for vacating a judgment by an action, but was a cause of reversal in this court. (Ruby v. Grace, 2 Duvall, 540). And the averment that the judgment was obtained by fraud is not sustained by any evidence. Neither does it appear to us that the judgment was subject to be reviewed in the circuit court because it was rendered prematurely or in violation of the rule of the court; but if either of these objections was available, it must have been as a clerical misprision, to be corrected on motion under section 580 of the Code, and not by a suit under section 581. But in our opinion, the appellant having been summoned as required by section 137 of the Code, the court was authorized to render the judgment by default by section 389; the rule of court, like the provi *34 sions of section 393, having reference to the trial of issues formed, and not to tbe rendering of judgments by default, and it not appearing that the other defendants as to whom the action was continued were in any manner necessary parties to the proceeding so far as it concerns the appellant, or sought a recovery against him.
It seems to us therefore that the court properly dissolved the injunction and dismissed the petition.
Wherefore the judgment is affirmed.