### CATHERINE CAVANAUGH *v.* GEO. M. FRIED.

[Abstract Kentucky Law Reporter, Vol. 3—253.]

**Personal Judgment Against Garnishee.**

> A plaintiff is not entitled to a personal judgment against a garnishee, but there should have been a rule awarded against him to bring the money into court or to produce the property that it might be sold.

APPEAL FROM LOUISVILLE CHANCERY COURT.

September 22, 1881.

OPINION BY JUDGE PRYOR:

The objection in this case to a personal judgment against the appellant is that none is asked, and standing in court as a mere garnishee a rule should have been awarded against her to bring the money into court. It is evident from the facts of this record that the appellant is entitled to relief. The personal judgment could not have been rendered for the additional reason that no cause of action is alleged upon which to base it. The appellant should either bring the money into court or produce the property that it may be sold.

Judgment *reversed* and cause remanded for further proceedings.

*Lane & Harrison, for appellant.*

*D. M. Rodman, for appellee.*

[Cited, *Sanders v. Herndon,* 122 Ky. 760, 29 Ky. L. 322, 93 S. W. 14, 5 L. R. A. (N. S.) 1072, 121 Am. St. 493.]