*I. N. Cardwell, for appellant.*

---

SPENCER HERRALD *v.* JAMES C. SKILLEM'S ASSIGNEE.

[Abstract Kentucky Law Reporter, Vol. 6—666.]

**Exemption of Homestead from Debts.**
> A homestead is not exempt from execution as to a debt, which existed prior to its purchase.

**Exemption of Pension Money from Execution.**
> Money received from the United States government as a pension is exempt from claims of creditors only until it reaches the hands of the pensioner; after that it is liable for his debts and so is property bought by it.

APPEAL FROM OHIO CIRCUIT COURT.

March 12, 1885.

OPINION BY JUDGE HOLT:

It is admitted that the house and lot in contest was purchased by the appellant, Spencer Herreld, with money paid to him as one of its pensioners, by the United States Government; that he was a bona fide housekeeper with his family, of this commonwealth, at the time of the purchase; that from that time until this proceeding was instituted he had occupied the property as his homestead but that the appellee's debt was created prior to the purchase.

The legislature may impose such restrictions upon an exemption of property from liability for debt as it chooses; and it has seen fit

23

to say that the homestead shall not be exempt as to a debt, which existed prior to its purchase. General Statutes, 1881, Chap. 38, Art. 13, Sec. 16.

This court has heretofore held that pension money is exempt only until it reaches the hands of the pensioner, yet it is liable for his debts, and as there was no immunity of this property either by the federal or state law, the judgment below is affirmed.

*Robins v. Walker,* '82. Ky. 60, 56 Am. Rep. 478. *Hudspeth v. Harrison, &c.,* 13 Ky. Opin. 25.

Judgment *affirmed.*

*Walker & Hubbard, H. P. Taylor, for appellant.*

[Cited, *Sims v. Walsham,* 9 Ky. L. 912, 7 S. W. 557; *Sanders v. Herndon,* 122 Ky. 760, 29 Ky. L. 325, 93 S. W. 14, 51 L. R. A. (N. S.) 1072, 121 Am. St. 493.]