CASE 86.—ACTION  BY  SANDERS  &  WALKER  AGAINST
        ¡WILLIAM HERNDON AND OTHERS TO SUBJECT
        THE COMPENSATION DUE HERNDON AS ADMIN-
        ISTRATOR OF AN ESTATE, TO THE PAYMENT
        OF HERNDON'S DEBT TO PLAINTIFF.—May 4.

## Sanders & Walker v. Herndon, &c.

Appeal from Garrard Circuit Court.

W. C. BELL. Circuit Judge.

Judgment  for  defendants.  Plaintiffs  appeal.
Reversed.

1. Administrators—Compensation—Attachment  Thereon—Liabil-
   ity for His Debts—Where compensation to an administrator
   for services rendered to the estate is due and unpaid, it
   is not exempt per se from liability for his debts, but is liable
   therefor precisely as any other chose in action which may
   have belonged to him.
2. Public Policy—Exempting Salaries of Public Officials—Admin-
   istrators are not public officials serving the public, and their
   compensation for the performance of their duties is not
   exempt from attachment for their debts on the ground that it
   is against public policy for the salaries of officials, serving
   the public, to be attached for debt.
3. Ascertainment of  Compensation—How  made—A  personal
   representative of a decedent's estate can not pay himself for
   his services out of the estate in his hands, until the value
   of his services is ascertained by a competent tribunal and
   ordered paid.
   4. Lien—Service on  Clerk—Fund  in  Court—Suit  Pending—
   Funds of an estate in the hands of an administrator are not
   funds in court, although there is a suit pending in the court
   to settle the estate. The service of an attachment upon the
   clerk, as permitted in attaching a fund in court, does not
   create any lien on the estate in the hands of the adminis-
   trator.
5. Principal and Surety—Rights of Sureties—Where a surety has
   paid all of a judgment against him and his co-sureties, he

Sanders & Walker v. Herndon, &c.

may properly have execution issued on the judgment in his favor against one of the other sureties who, as to the surety who paid the judgment was a principal, under Ky. Stats., sec. 4665 and 4666.

J. W. ALCORN and LEWIS L. WALKER for appellants.

1. We submit that sec. 4665 Ky. Stats. provides a remedy for a surety who pays a debt before a judgment is obtained, and sec. 4666 provides a remedy for a surety who pays the debt of his principal after the judgment is obtained, and under either of these sections the surety who pays the debt may proceed either jointly or separately to enforce his . remedy against his co-surety.

2. Where a surety, jointly bound with others pays the whole of the debt to the principal after judgment he may have an execution issued against any one or all of his co-sureties for their part of the judgment, and the immediate return of the surety, from proceeding to collect his demand against his execution. "No property found" will not prevent the plaintiff co-surety under sec. 439 of the Civil Code. ·

3. The commission or compensation due to one for his services as administrator of an estate may be subjected by attachment to the payment of· a personal demand owing by the administrator as an individual.

### AUTHORITIES CITED.

Ky. Statutes, sections 4665, 4666; Civil Code, sections 439, 207; · 6 J. J. Marshall, 219.

C. B. SWINEBROAD, J. M. ROTHWELL, R. H. TOMLINSON & M. C. SAUFLEY, attorneys for appellees.

1. It may be fairly assumed and we charge:

(1) The execution was void.

(2) The return "nulla bona" was void.

(3) The order of attachment and garnishment were void and consequently there was no cause or basis for plaintiffs action.

2. "On a joint judgment against several the execution must be joint." (Ky. Stats., sec. 1652, subsec. 2.)

3. The judgment herein was joint. There is no separation of the defendants but it is against all of them.

4. Ky. Stats., sec. 4666 does not authorize an execution against a part only of the judgment defendants.

5. Considering the validity of the execution still there was no valid return of "no property found," for execution placed in the hands of the sheriff at 5 o'clock p. m., on January 3, when it ,was then dark and returned by the sheriff the same night at 6 o'clock 'no property found," does not destroy the prosumption that appellee was solvent, and will not support an attachment proceeding thereon and such proceedings are void.

### AUTHORITIES.

Kentucky Statutes, 1652, subsection 2, 4665-6; 10 Bush, 362 Tanner v. Grant; 4 Ky. Law Rep., 451, Farmers National Bank v. National Bank of Lancaster, Ky.; 13 Howard, 7, Parshall v. Tillou; 13 Abbott, 320, Field v. Chapman; 22 Howard, 329, 24 Howard, 463; 4 Abbott, Court of Appeals, Voorhies v. Howard; 4 A. & E. Enc., 574 n. 3; 2 Waits Actions and Defenses, 418; Code 194; Freeman on Executions, 131; Drake on Attachments, 454, 541, 545, 551; 5 Dana, 361 Wolfe v. Tappan; 7 J. J. Mar., 219, Dana v. Books.

OPINION OF THE COURT BY JUDGE O'REAR—Reversing.

Appellants, together with G. M. Patterson, J. B. Conn, R. G. Ward, J. J. Barton, J. B. Kinnaird, William H. Kinnaird, and William Herndon, were jointly bound as sureties for the Lancaster Oil Company upon a note for $5,000, executed to the National Bank of Lancaster, Ky. The bank sued all the makers of the note and recovered judgment against them. Appellants paid off the judgment and took an assignment of it to themselves. Thereafter appellants caused an execution to be issued upon the judgment in behalf of the bank, indorsed for their benefit, against all of the obligors in the note excepting themselves and William H. Kinnaird, for the sum of $5,000. This execution was placed in the hands of the sheriff of Garrard county, and returned "No property found." Whereupon appellants filed a

petition in equity against appellee William Herndon
and the National Bank of Lancaster as a garnishee
defendant, and against William Herndon, adminis-
trator of M. W. Johnson, deceased, proceeded against
also as a garnishee defendant, attaching whatever
might be owing to William Herndon by the gar-
nishees to the extent necessary to satisfy Herndon's
liabilities on account of the discharge of the debt
made by him. The bank answered that it owed the
defendant Herndon $502.81, and that Herndon, as
administrator of M. W. Johnson, had on deposit in
the bank as administrator aforesaid the sum of
$12,750.13. It is charged in the petition that Herndon,
who is sued by appellants as principal debtor, was
then the administrator of the estate of M. W. John-
son, deceased; that there had passed through his
hands as such administrator about $35,000 of assets,
collected and disbursed; that he had not been paid
anything for his services, but that his claim for
compensation was then pending and undetermined
in a suit in the Garrard circuit court to settle the
estate of Johnson. Attachment was served upon the
clerk of the court, properly indorsed, so as to create
a lien upon the fund in the hands of the administrator
owing to himself from the estate of his intestate, if
such fund should be deemed a fund in court, and to
subject it to the payment of the plaintiff's debt sued
on. A demurrer was sustained to the petition, and it
was dismissed.

Two questions are argued in briefs as being
presented by this ruling of the court: One, whether
the execution upon which the return of no property
was made, and which was the basis of this equitable
action, instituted under section 439, Civ. Code Prac.,

was void; it being asserted by appellees, and evi-. dently held by the circuit court, that it was void. The second is whether a defendant may be made garnishee, when summoned as such in a different capacity, in a personal action against him for debt. The petition in this case alleges that appellant signed the note sued upon at the instance of appellee William Herndon as his surety; that he undertook to indemnify them wholly against loss on account of their suretyship. The petition shows that the principal in the debt was the oil company, and that the other obligors were sureties to the bank, but that as between appellants and appellee Herndon, Herndon was principal to appellants. By section 4665, Ky. Stat., 1903, if a surety pays the whole or any part of a debt or liability for which he is bound as such, he may recover the amount, with interest from time of payment, from the principal, by an action at law. He may also sue a co-surety, separately or as a joint defendant with the principal, in such proceeding, and in like manner recover judgment against him, separately or jointly, at the same time, for his proper part of the debt or liability so paid, as if the sureties were the sole obligors. Section 4666 of Kentucky Statutes of 1903 applies to sureties who have paid a judgment rendered upon a debt to which they were parties. It allows such judgment to be assigned for the benefit of the surety or sureties so paying it, and it gives to them control of the judgment for their benefit against the other defendants, so far as to obtain satisfaction from the principal for the whole amount so paid by the sureties with interest, or from any co-surety his proper part of such payment according to the principles stated in section 4665. These sec-

tions of the statute were not intended to restrict, but to enlarge, the equitable doctrine of substitution and the common-law doctrine of contribution. Kellar v. Williams, 10 Bush., 216.

It is settled that sureties may be bound as among themselces in different measures of liability. Daniel v. Ballard, 2 Dana, 296. All are bound, of course, for the whole debt to the obligee, yet as between principal and sureties the principal alone is bound for the whole of it. Generally as among sureties they are equally bound, excepting that, if some are insolvent or non-residents, those who are solvent are equally bound, without respect to those who are insolvent or beyond the court's jurisdiction. The sureties may nevertheless contract among themselves for a different proportion of liability, which will be respected and enforced by the courts. The statutes above cited were aimed to provide a speedy and simple method of enforcing such liability as among the sureties. If one surety pays more than his just part of the liability, the others who were bound to the obligee, and whose obligation to the obligee was thereby extinguished ought to make whole the one who had discharged their liability, and this according to the terms of the contract as between themselves. The statute, which gives to a surety who paid off a judgment the right to have the judgment assigned to him and to control subsequent issues of the execution upon it, is an enlargement upon the common-law remedy—is a summary action. It is more or less open to initial abuse; that is, a surety may claim that another who merely appears as a joint debtor is in fact his

principal, and liable to him for the whole of the debt, may cause an execution to. be issued and to be indorsed in favor of the surety who has paid the judgment, and direct it to be made entirely out of the property of the other obligor, whom he may designate as principal. For it is a matter of common experience that such obligations generally do not show who are principals and who are sureties. Consequently judgments rendered upon them would also fail to show the character of the obligors. Notwithstanding all this, the person proceeded against by the surety paying off the judgment is not without remedy. He may have such execution quashed by the court out of which it issued, if it is issued wrongfully, or if more is being attempted to be collected upon it than is justly owing by the complainant. But when he stands by, and allows the execution to issue against him for the whole amount, he will not be heard to say that the execution is void. It is not. It is expressly allowed by the statute. The remedy of such complainant is by direct attack upon it, or by any equitable defense made in the proceeding based upon a return of "no property found" under the execution.

The execution is said to be void for another reason. Subsection 2 of section 1652, Ky. Stat., 1903 (tit. "Executions"), requires that an execution on a joint judgment against several must be joint. This section relates to an execution issued upon a judgment rendered in favor of the person in whose name the execution is issued. It would be in conflict with section 4666 otherwise; for that section expressly allows a surety who had paid a judgment to have it assigned, and have an execution issued upon it against the principal for the whole of it, or against any of the

co-sureties for their share of it. From the nature of the case, such an execution could not be joint. Section 4666 must be construed as an exception to the requirements of subsection 2 of section 1652.

The other question raised in the argument is made more difficult by the conflict of authorities elsewhere and the absence of precedent in this State. The estate of M. W. Johnson, an intestate, had been committed by a court of competent jurisdiction to the defendant Herndon for administration. There came to his hands personal assets to be administered, for which the estate owed him a reasonable money consideration, within the statutory maximum of $1,750 or less, as might be determined by the court wherein his final settlement should be made. This compensation was due him in money for services rendered to the estate, and was wholly unpaid. It was not exempt per se from liability for his debts. On the contrary, it ought to be liable therefor precisely as any other chose in action which may have belonged to him. He is, by the admission of the demurrer, not only in default to his creditor, but entitled to receive a considerable sum from Johnson's estate, owing to him personally and then due, which, could the court's process lay hold upon it, ought, in law as in morals, to be applied to the payment of his debt. The defense is an issue of law presented, which is that the law's process is ineffectual to reach this debt or fund. The reasoning is that, as the defendant owes himself the debt, the presumption is that it has been discharged; or, if that presumption be not indulged, that the judgment to be rendered against him as garnishee would be for so much money, which would be fully covered by the judgment against him as debtor. If the object of the

law was to aid the debtor in avoiding the payment of his debts, the reasoning would seem to answer the purpose. On the contrary, though, the statutes and practice in attachments and garnishee process is to aid the creditor in collecting debts from unwilling debtors. The court's office is to carry out this purpose in construing statutes, when their terms will admit it.

Our code allows that every person who is indebted to the defendant, sued in an action to recover money, or who holds property for him, may be summoned as garnishee, and be compelled to disclose the amount owing to, or the property held for, the defendant, which upon such disclosure may be subjected in that action toward the satisfaction of the debt sued on. Section 225, Civ. Code Prac. On grounds of public policy, salaries of officials serving the public are not liable to attachment. Webb v. McCauley, 4 Bush, 8; Allen v. Russell, 78 Ky., 105; Bridgeford v. Keenehan, 8 Ky. Law Rep., 268; Dickinson v. Johnson, 54 L. R. A., 566; 110 Ky., 236; 22 Ky. Law Rep., 1686; 96 Am. St. Rep., 434; 61 S. W., 267. Pensions granted by the federal government to disabled soldiers or their dependents are likewise not liable, because the federal government may not be sued or summoned as garnishee, but not because the money is exempt from debt after it reaches the pensioner's hands. Section 4747, Rev. Stat. U. S. (U. S. Comp. St., 1901, p. 3279); Moxley v. Andrews, 5 Ky. Law Rep., 425; Robion v. Walker, 82 Ky., 60; 5 Ky. Law Rep., 799; 56 Am. Rep., 878; Herreld v. Skillem's Assignee, 6 Ky. Law Rep., 666; Carter & Co. v. Strange, 7 Ky. Law Rep., 302; Sims v. Walsham, 7 S. W., 557; 9 Ky. Law Rep., 912; Suter v.

Stamper, 6 Ky. Law Rep., 745; Johnson v. Elkins, 90
Ky., 163; 11 Ky. Law Rep., 967; 13 S. W., 448; 8 L. R.
A., 552; Eckert v. McKee, 72 Ky., 355; Hudspeth
v. Harrison, 6 Ky. Law Rep., 304; Ashler v. Terry,
6 Ky. Law Rep., 745.  But administrators and other
personal representatives are not public officials serv-
ing the public.  The public welfare is not involved in
their ability to maintain themselves upon their
salaries or allowances whilst engaged in the duties
of their positions; no more so than trustees of private
trusts, or agents and servants of private corpora-
tions.  It is not true, strictly, that an administrator
of a decedent's estate is, in law, the same person as
the individual.  The estate of the decedent which he
is administering does not belong to him, although its
legal title is invested in him for certain purposes.  At
common-law it was once held that one who became
administrator or executor of a decedent thereby
extinguished any debt owing him by such decedent,
for it was thought impossible for a man to be debtor
to himself.  That unjust requirement has long since
been abandoned.  In its stead it is recognized that a
personal representative as such may be indebted to
himself as an individual.  It is an everyday occur-
rence in practical application that decedents' estates
are indebted to their personal representatives, and
the indebtedness enforced by the law's process.  No
good reason is presented why, if the law can do
this much for the creditor administrator against the
estate which he has in custody, it may not do as much
for his creditor through the application of garnishee
process.  The decedent's estate is deemed a separate
entity, and is liable only for the obligations of the
decedent, or such as are imposed upon it by statute.

A judgment against the estate is to be satisfied alone out of its assets, without regard to the solvency of the personal representative. The latter is the law's custodian of the decedent's estate, to disburse it according to its liabilities only. He gives bond to the Commonwealth for the benefit of all persons concerned for the proper application by him of the assets. He has not the right to mingle it with his own, or to become its debtor by personally appropriating it. His liability to the estate for its assets received is not a liability from himself to himself. A fortiori, the liability of the estate to its personal representative is not a debt owing by one to himself. If he is sued upon his personal obligation, his answer cannot concern the trust estate in his custody, nor would a judgment rendered thereon against him bind in any way the assets of the decedent's estate in his hands for administration. On the other hand, if he is sued as personal representative upon an obligation of the estate, the judgment against him would concern the estate alone—would have to be satisfied out of its assets. Whether he could sue himself is not the question, but it is whether there is money owing to him not exempt by law from seizure for his debts. If summoned as administrator as garnishee in a suit against him for debt by his personal creditor, he ought to answer truthfully as administrator what sum he owes. His admission of liability obviously would not be conclusive against the estate. No more would his assertion of a claim against the estate for debt, or for an allowance for his services. In each instance the court would hear proof, and from it fix the amount due. The judgment would exonerate the estate to that extent from further liability on account

of such services. The administrator should be adjudged to pay it out of unadministered assets in his hands as such administrator, pro rata with debts of equal dignity. Should he fail to do it because he had previously appropriated the assets of the estate to his own use, or squandered them, his bond would be liable; for, until the value of his services is ascertained by a competent tribunal, and ordered paid, he had not the right to pay for them. In such transaction he could not represent both the estate and himself. In that the court making the settlement must needs represent the estate in requiring proof of the nature and value of the services to be allowed and paid for.

There are but two cases which we have found bearing on this question. One is Shepherd v. Bridenstine, 80 Iowa, 225; 45 N. W., 746. The Supreme Court of Iowa thus stated and answered the question: "Where the indebtedness is unconditional, and not dependent on any contingency, and is due, it has always been the practice in this State to render an unconditional judgment against the garnishee. Suppose that in this case judgment should be rendered against the defendant in her representative capacity, and she should refuse to pay it, what remedy would the plaintiff have, other than another execution against the defendant? It is claimed that the sureties on the defendant's bond would be liable; but sureties on such bonds are liable only for maladministration, or for failure to perform orders in probate. The case is an anomaly. All the statutes in this State, and all the law upon the subject, contemplate that there are three persons to every garnishment proceeding." The court concluded: "We are clearly of opinion

that plaintiff is not entitled to maintain an action which, if successful, would result in a personal judgment against the defendant of no more binding force than the one he already has.''·

Our practice appears to be not altogether similar to that in Iowa. Here the garnishee personally appears and answers what he owes the defendant. Section 224, Civ. Code Prac. He is not made a party to the suit at all (except as stated below) if he makes such answer. Wilder v. Shea, 13 Bush., 128; Smith v. Gower, 3 Metc., 171. A personal judgment cannot be rendered against a garnishee upon the mere assertion of liability to the defendant debtor. Bowen v. Emmerson, 4 Bush, 345; Griswold v. Popham, 1 Duv., 170; Joyce v. O'Toole, 6 Bush, 31. Should the garnishee fail to answer, or fail to make true and satisfactory answer, he may then be made a party defendant; a cause of action being stated against him by the plaintiff on behalf of the debtor defendant. Section 229, Civ. Code Prac., and cases just cited. If the garnishee does answer, and it is satisfactory to the plaintiff, the court may order the sum owing to be paid into court, or may hear proof, and from it determine the sum owing and order it so paid in, or fix the terms on which it may be held. Section 225, Civ. Code Prac.; Cavanaugh v. Fried, 3 Ky. Law Rep., 253; Smith v. Gower, supra. Or, in an action in equity brought pursuant to section 439, Civ. Code Prac., on a return of nulla bona, for discovery of assets, debtors of the principal debtor may be made defendants; a cause of action in the latter's behalf against them being stated in the petition.

In the case at bar, a cause of action in favor of defendant Herndon against the estate of M. W. John-

· son was stated. No presumption of . satisfaction should be indulged in this case from the mere identity of the debtor and personal representative's being the same; for there was not only no right in the personal representative to do so, but it is admitted by the demurrer that it had not been done by an actual appropriation or otherwise. Our conclusion is sustained by the Supreme Court of Alabama in Dudley v. Falkner, 49 Ala., 148. Funds of an estate in the hands of an administrator are not funds in' court, although there is a suit pending in the court to settle the estate. The service of the attachment upon the clerk, as permitted in attaching a fund in court, did not, therefore, create any lien in this case.

But for the reasons indicated the judgment is reversed, and cause remanded, with directions to overrule the demurrer to the petition and for proceedings consistent herewith.