## Davie's Executor v. City of Louisville.

### Same v. Same.

(Decided May 27, 1914.)

## Appeals from Jefferson Circuit Court (Chancery, First Division).

1. Judgment—Conformity to Pleadings—Default.—A judgment by default cannot be sustained if plaintiff's petition does not state a good cause of action, or lacks those averments which are necessary to show his right to recover.
2. Limitation of Actions—Plea Not Raised by Demurrer.—Ordinarily the plea of the statute of limitations is a personal one, which a party may or may not desire to avail himself of, and cannot be raised by demurrer; it must be pleaded.
3. Pleading—Amended Petition—New Defendant—Necessary Allegations.—Where a new defendant is brought in by amended petition the amendment should show a cause of action against him.

DAVIS W. EDWARDS for appellants.

HARRIS FLEMING, PENDLETON BECKLEY and GEORGE CARY TABB for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

These two appeals grow out of the same facts, and will be considered in one opinion.

James S. Kalfus had an estate for life in a certain tract of land located on Market Street in the City of Louisville. He conveyed this interest to the Fidelity Trust & Safety Vault Company, trustee of Mrs. C. W. Kalfus. The remainder interest in the land was owned by Mrs. Adeline K. Davie. The taxes on the property were assessed against the Fidelity Trust & Safety Vault Company, trustee of Mrs. C. W. Kalfus.

On March 29, 1904, the City of Louisville instituted suit to enforce its lien for taxes for the years 1901, 1902 and 1903, on the property in question. To this petition the Fidelity Trust & Safety Vault Company, as trustee for Mrs. C. W. Kalfus, and Mrs. C. W. Kalfus, were made parties defendant, and process duly served on them. On November 10, 1904, an amended petition was filed setting out the fact that the Fidelity Trust & Safety Vault Company had changed its name to Fidelity

Trust Company, and making that company, both in its individual capacity and as trustee for Mrs. Kalfus, and also James S. Kalfus and F. W. Samuels, parties defendant. On August 2, 1909, plaintiff filed an amended and supplemental petition, wherein it sought to recover taxes for the years 1904 and 1905. All the parties defendant to this proceeding were duly served with process except James S. Kalfus, who had recently died.

No further action was taken in the case until March 29, 1911, when the city filed the following amended petition:

The plaintiff, City of Louisville, amends its petition herein, and for amendment states that the defendant, James S. Kalfus, is now dead, and that since his death, the Fidelity Trust Company, Mrs. C. W. Kalfus, F. W. Samuels, and W. C. Priest Company have no interest in the property described in the petition, but that the said property is now owned by Adeline K. Davie, and the plaintiff now drops the names of Fidelity Trust Company, Mrs. C. W. Kalfus, F. W. Samuels and W. C. Priest Company and makes the said Adeline K. Davie a party to this action and asks that process be issued warning her to appear and defend.

"Wherefore, plaintiff prays as in its original petition, and for all proper relief."

Summons on the amended petition was executed on Adeline K. Davie on April 3, 1911. On May 20, 1911, judgment by default was entered for the taxes alleged to be due for the years 1901, 1902, 1903, 1904 and 1905, and the city was adjudged a lien on the property to secure the same. The judgment further appointed W. S. Sanford receiver, with power to rent the property and apply the income to the payment of the debt and costs. In case he reported that it was impracticable to rent the property, a sale thereof was directed. On May 10, 1913, the judgment of May 20, 1911, was revived against the Louisville Trust Company as executor and trustee of Adeline K. Davie. From the default judgment of May 20, 1911, and from the judgment of revivor of May 10, 1913, the Louisville Trust Company, as executor and trustee of Adeline K. Davie, appeals.

Appellant insists that the pleadings, so far as Adeline K. Davie is concerned, do not support the judgment. A default admits only what is well pleaded; consequently a judgment by default cannot be sustained if plaintiff's

petition does not state a good cause of action, or lacks those averments which are necessary to show his right to recover. 23 Cyc., 740; Doud, Sons & Co. v. Duluth Milling Co., 55 Minn., 53; Schuler v. Mueller, 193 Ill., 402; Barnes v. Bigore, 92 Cal., 631; Martin v. Ky. Land & Investment Co., 146 Ky., 525; Stamper v. Forman-Earle Co., 158 Ky., 324. In the first place the point is made that the pleadings themselves show that plaintiff's lien for taxes was barred so far as Adeline K. Davie was concerned. Whether that be true or not, we deem it unnecessary to decide. It has been held that when the petition showed that the action was barred, and that plaintiff was not within any of the exceptions contained in the statute which saved his rights to sue, the question could be raised by demurrer. French v. Boling, 85 S. W., 1182; Stillwell v. Levy, 84 Ky., 379; Childs v. Drake, 2 Metc., 146. That rule, however, is rarely applicable, and it is now well settled that as the plea of the statute is a personal one which a party may or may not desire to avail himself of, the question cannot be raised by demurrer, but the statute of limitations must be pleaded. Baker, et al. v. Begley, 155 Ky., 234.

(2) It will be observed that the original petition, seeking to recover taxes for the years 1901, 1902 and 1903 was filed on March 29, 1904. The amended petition covering taxes for the years 1904 and 1905 was filed on August 2, 1909. The amended petition making Adeline K. Davie a party was filed on March 29, 1911. So far as Adeline K. Davie is concerned, the only allegation in the amended petition is that the former defendants had no interest in the property, and that she was now the owner thereof. Although about seven years had elapsed since the filing of the original petition, and two years since the filing of the amended petition covering the taxes for 1904 and 1905, the amended petition making Adeline K. Davie a party neither reiterates the allegations of the original petition nor of the subsequent amendments, nor states any facts showing that the property in question was still liable for the taxes for which judgment was sought. For aught that appears in the amended petition, the taxes may have long ago been paid, and the tax lien discharged. It is well settled that where a new defendant is brought in by amended petition, the amendment should show a cause of action against him. Levy v. Engle, 91 Ind., 330; Vance v. Schroyer, 77 Ind., 501; Smith v. Weage, 21 Wis.,

446; Vass v. Peoples Building, &c., Ass'n., 91 N. Car., 55. It follows that the averments of the amended petition were not sufficient to sustain the judgment by default.

Judgment reversed and cause remanded, with directions to set aside the judgment in question.