## Prater v. Dingus.

(Decided June 14, 1929.)

JAMES & HOBSON for appellant.

WILLIAM DINGUS for appellee.

Opinion of the Court by Chief Justice McCandless —Reversing.

After the issual of an execution and a return of nulla bona, P. L. Dingus brought an equitable action against W. R. and Violet Bradley to enforce the collection of a judgment for $239 and costs. At plaintiff's direction, an order of general attachment, and also a summons with the object of the action indorsed thereon, was issued for Columbus Prater. Prater was summoned as garnishee, but did not answer. Later plaintiff filed an amended petition making Prater a party defendant, in which he alleged "that the said Columbus Prater had enough money in his hands to pay the indebtedness claimed in the original action and the costs of this action; that he owed his co-defendant W. R. Bradley and Violet Bradley at the time, at least the sum of $400.00." Summons issued on this amendment, and was served on Prater, who still failed to answer the petition, and judgment was rendered against him for the amount of the former judgment. He had entered a motion for an appeal.

When served as garnishee on the original petition, it was Prater's duty either to appear or to file an affidavit in the action disclosing his indebtedness, if any, to the defendants in the action. Section 224, Civil Code. Upon his failure to do this, the plaintiff could have coerced his attendance and secured such information from him in court. Section 226 of the Code. If the disclosure was unsatisfactory, plaintiff could have proceeded against him in an independent action; or by an amended petition in the original action to recover directly from

him the amount he owed the other defendants, not exceeding the amount of plaintiff's claim. Section 227. That procedure, (under section 227), has been substantially followed in this case. But in such cases plaintiff is required to state a cause of action existing in favor of the principal defendants against the garnishee with the same particularity that would be required of them if they were suing the debtor. Darby v. French (Ky.) 112 S. W. 1132. Even between parties to the suit a default admits only what is well pleaded, and therefore, in order to sustain a judgment by default, plaintiff's petition must allege with clearness and certainty sufficient facts to constitute a good cause of action or show a right of recovery. 34 C. J. p. 153; Bond v. Wheeler, 197 Ky. 437, 247 S. W. 708; Holzknecht v. Louisville D. S. G., 195 Ky. 189, 241 S. W. 804; Davie's Ex'r v. Louisville, 159 Ky. 252, 166 S. W. 969; Brashear v. Brashear, 110 S. W. 303, 33 Ky. Law Rep. 233.

The exact question involved in this action was determined in Crabb v. Hill, 30 S. W. 415, 17 Ky. Law Rep. 44, in which it is said: "It has been often held by this court that in actions of this kind (garnishment), properly instituted, if plaintiff properly avers that the garnishee is indebted to the judgment debtor in a specific sum, judgment may be taken by default; but in the case at bar the *allegation that he is indebted in an amount largely more than enough to pay plaintiff's claim, sued on, is not sufficiently specific or certain to authorize a judgment by default.*" (Our Italics.) See, also, Bowen v. Emmerson, 4 Bush 345; Griswold v. Popham, 1 Duv. 170; Smith v. Gower, 3 Metc. 171; Joyce v. O'Toole, 6 Bush 31.

The reason for the rule is clear. The pleadings should be sufficiently definite and certain to enable the defendants to defend and the court to render a judgment that will become res judicata between the parties. Under an allegation such as that made in this pleading, the particular indebtedness could not be identified, and a judgment thereon would afford defendant no protection in another proceeding.

For the reasons stated, an appeal is granted and the judgment is reversed; and the case remanded for proceedings consistent with this opinion.