## National Surety Corporation v. Mullins.

### Same v. Thompson.

(Decided Feb. 4, 1936.)

466

STRATTON & STEPHENSON for appellant.

W. W. REYNOLDS and F. P. KEESE for appellees.

OPINION OF THE CJURT BY STANLEY, COMMISSIONER—
[Affirming.

The original petition of Jim Mullins, E. L. Thompson and Jake Allen set forth their separate causes of action against Pike county, the J. H. Justice Building Company and Alfred (Spike) Mullins. It is alleged that the building company had a written contract with the county to repair and construct the courthouse in Pike county; that Mullins had a subcontract to do certain electrical work; that with the knowledge of the building company he had employed the plaintiffs to perform labor for him on the job, and that each had done so between January 2 and August 1, 1933; that the defendants owed Mullins $260.20, Thompson $514.49, and Allen $156.45, for such labor. The plaintiffs as-and Allen $156.45, for such labor. The plaintiff's asserted mechanics' liens on the building for the sums due them. They prayed judgment against the defendants for those sums, and, alleging that the courthouse could not be divided without impairing its value, asked that it be sold to satisfy their liens. An amended petition made the National Surety Corporation a party defendant and alleged that the National Surety Company had entered into a bond with the other three defendants, whereby it had agreed that in the event Mullins failed to complete his contract it would finish the work and pay for the labor in its completion. It alleged that the defendant, National Surety Corporation, had taken over the unexpired bond of the National Surety Company, and with the consent of its codefendants had employed the plaintiffs to do work upon the courthouse. Plaintiffs charged that all the labor performed by them was done at the special instance and request of the defendants and the National Surety Corporation. They further stated: "All of said amounts

are just, due and wholly unpaid." They asked judgment against the defendants, including the National Surety Corporation.

Without raising the question of misjoinder of party plaintiffs, the county and the building company filed demurrers to the petition, which were sustained. Summons was served upon a local agent of the National Surety Corporation. At the April term, 1934, a default judgment was rendered against it and Mullins because of their failure to respond. At the ensuing September, 1934, term, the Surety Corporation filed a motion to vacate and set aside the judgment upon the ground that no cause of action was stated as against it. It alleged that the default judgment was void and a clerical misprision. As a part of its motion the corporation filed copies of the written contracts between the parties, including the bond which the National Surety Company had given to secure the performance of the contract made between the county and the J. H. Justice Building Company. These several documents tended to show a good defense. The motion to vacate the judgment was overruled. Appeals are prosecuted by the corporation from both the default judgment in favor of Thompson and Mullins and the order overruling its motion to vacate it.

Appellant relies upon the rule that a default judgment, rendered upon a pleading which lacks averments necessary to show a right of recovery, or which does not sufficiently state a cause of action, is fatally defective. Davie's Executor v. City of Louisville, 159 Ky. 252, 166 S. W. 969; Prater v. Dingus, 230 Ky. 82, 18 S. W. (2d) 883. In the attack upon the petition as amended, the appellant maintains that it states no cause of action because there is no allegation (1) that it agreed or promised to pay any of the sums set forth; or (2) that the labor performed by the plaintiffs was reasonably worth the amounts sought to be recovered. The petition alleges that the National Surety Corporation had taken over the obligations of the bond of the National Surety Company to complete the job, and that it had employed the plaintiffs to perform labor in that undertaking; that they had performed that labor at the special instance and request of the corporation, and that the amounts charged were "just, due and wholly unpaid." Where work and labor was done

by one at the request of another, without any stipulation as to price, the law implies a promise to pay what the laborer deserves. Coleman v. Simpson, 32 Ky. (2 Dana) 166; Hartig v. Schrader, 190 Ky. 511, 227 S. W. 815; Clift v. Harp, 191 Ky. 295, 230 S. W. 52. It is pointed out, as stated, that there is no allegation of the reasonableness of the charge. That is ordinarily the form of the allegation of quantum meruit, and it is better pleading to allege the value claimed to be reasonable. 71 C. J. 119. The word here used is "just." One of the definitions of that word is "conforming to, or consonant with, what is legal or lawful; legally right; lawful." Webster's New International Dictionary. We have held that "just compensation" to the owner for taking his property for public use without his consent means the actual value thereof in money. 2 Caldwell's Kentucky Judicial Dictionary, page 1882. The word connotes reasonableness. If a claim is unjust, it is unreasonable. If the sums claimed are just, then they are such as the "laborer deserves." "Just" has been held to be a synonym of "reasonable." 35 C. J. 432. It would therefore seem that the allegation is sufficient in this respect, and the petition stated a cause of action.

The judgment is also attacked because no evidence was introduced to prove the allegations of the worth of the labor. Allegations of value do not have to be proved where there is no specific traverse when accompanied by a statement of facts showing an implied promise to pay such value. Section 126, Civil Code of Practice. This was of that class.

We do not think the judgment was either void or voidable upon the face of the original record.

The motion to vacate the judgment filed after the term at which it was rendered was doubtless to comply with the Civil Code of Practice provision, section 763, that no appeal may be prosecuted from a void judgment until such a motion shall have been made. But, as stated, the appeals are also prosecuted from the order overruling the motion. The trial court had no control over the judgment after the term at which it was rendered. Considering the motion to vacate the judgment as one for a new trial, the court could not have done otherwise than overrule it. Whatever rem-

edy the appellant may have against the original judgment must be pursued through a petition for a new trial according to the terms of sections 518 and 520 of the Civil Code of Practice.

The judgments are affirmed.