SHACKLEFORD &
HICKMAN.
*vs*
HUNT.

---

CHANCERY.

*Case 51.*

## Shackleford and Hickman *vs* Hunt.

### ERROR TO THE FAYETTE CIRCUIT.

*Practice in chancery.     Absent defendants.     Bonds of in-demnity.*

October 28.

Case stated.

CHIEF JUSTICE EWING delivered the opinion of the Court.

HUNT filed his bill against Shackleford and Hickman, setting up and asserting a lien upon a house and lot of ground in the suburbs of Lexington, upon which Hick-man lived.   He, in substance, charges that Shackleford, by virtue of a bond which he held upon him, had the right to redeem the lot upon paying him, the complain-ant, certain sums charged to be due, and for which he exhibited a note and order in his favor; alledges that Shackleford sold and assigned the bond, which entitled him to redeem, to Hickman.   Process having been re-turned, executed on Hickman, and a warning order made against Shackleford as a non-resident, and traverse enter-ed, the bill was taken for confessed against Hickman, and a decree of foreclosure and sale ordered, without requir-ing a bond to restore the money or effects, as indicated by the sixth section of the act of 1837: (3 *Stat. Law,* 12.)   A sale was made and Rainey became the purcha-ser, who assigned his interest in the purchase to Menifee, a report of the sale made to the Court, and a motion made to confirm the same.   The motion to confirm was resisted by the defendants, on various grounds, some of which were based upon alledged errors in the original

decree, others to alledged irregularities in the notice and sale.

SHACKLEFORD &
HICKMAN
vs
HUNT.

The alledged irregularities in the sale are not sustained by the proof. The publication in the weekly paper for the time required, satisfies the command of the decree; nor do we think that the order should be understood as requiring a publication in the semi-weekly paper, omission, therefore, for a single time, to insert it in the latter paper, cannot vacate the sale.

The failure to insert in a weekly newspaper, an order of warning on one occasion in the semi-weekly, will not vitiate.

As to the alledged errors in the decree, it is questionable, if they existed, whether the sale should be affected by them. A sale made under an erroneous decree or judgment, has, in the general, been adjudged to be valid, and not to be affected by a subsequent reversal of the judgment for errors which do not render it absolutely void; and we are not prepared to admit that a sale made under a decree obtained by a proceeding under the statute of 1837, before cited, would be affected by mere errors in the decree, for which a reversal might be obtained, but which do not render it void. And even if the case before the Court were conceded to be embraced by the provisions of the sixth section, which may be well questioned, (as it is not a proceeding, by attachment, against a non-resident or absent defendant, for which the prior clauses of the statute makes provision, but a proceeding to enforce a lien, of which a Court of Chancery had cognizance independently of the statute,) yet we are not prepared to concede that a Chancellor is required to retain the control of the *specific effects* attached, until a bond to restore shall be executed, or that he may not order a sale before the bond is executed, retaining the *proceeds* of the sale until it shall be executed. The statute provides that no decree shall be entered so as to *give the complainant the effect* thereof, until, &c. If the Chancellor retain power and control over the *proceeds,* and refuse to allow them to go into the hands of the complainant, or to order payment thereof to him, until bond shall be executed, the *effect* of the decree is not given to him, and this would seem to conform to the requisitions of the statute. We can hardly believe that it was the intention of the Legislature, that the Chancellor should retain in his custody

Sales made under judgments or decrees which are merely *erroneous*, are in general valid, though the judgment or decree be afterwards reversed—not so when the judgment or decree is *void*.

Is it necessary to the validity of a decree of sale made by the Chancellor, to enforce a lien on land made against a non-resident, that re-funding bond should be given before the decree—may not the Chancellor take such bond at any time before the proceeds pass from under the control of the Court, —Qu.

and under his control, the *effects* seized, for seven years, the time allowed for opening the decree, if bond shall not be given. If so, the effects, if perishable, by that time might be worthless to the complainant or defendant. Nor would even the time expire "for answering and opening *such decree*," according to the provision of the last clause of the sixth section, if no decree had been entered, and a non-resident or absent defendant may certainly appear and *answer* at any time, however remote, before a decree is taken. This clause seems to imply that a decree may be rendered before the bond is executed, and if so, then the prior execution of the bond is not essential to the validity of the decree, but it may be executed at any time before the proceeds of the sale is paid over to the complainant.

But waiving this view of the subject, and conceding that the prior execution of the bond is required, its non-execution, or the omission of the Court to require it, does not render the decree void, the Court having jurisdiction over the subject, but merely erroneous. Moreover, as the bond is required for the security of the non-resident or absent defendant only, if he is not prejudiced by the decree, he cannot complain. Nor can he complain of any other error in the decree, if he is not prejudiced by it.

The note and order of Shackleford exhibited, is evidence of his indebtedness to Hunt to the amount called for on their face, and the traverse does not require the proof of their execution as has been determined by this Court. If the amounts of the notes and order is due and payable, he is not prejudiced and has no ground to complain, that they have been satisfied by a sale of the lot in question, if the lot, or the right to redeem it, belonged to Hickman, though no bond was executed and no fact required by the traverse to be proved was established. Indeed the only fact which seems to be to his prejudice, omitted to be proved, is the fact alledged in the bill, that he had assigned the bond which entitled him to the equity and right to redeem to Hickman. It is alledged specifically, in the bill, that this bond had been assigned, and that Hickman was living on the lot and Shackleford had left the State. They both appear at the next term of the

The non-resident alone can complain of the failure to give the refunding bond in such cases.

Notes made parts of a bill against a non-resident need not be proved, if not otherwise denied than by the general traverse: see *Garland* vs *Denny* & *Colston*, (3 B. Monroe, 127.)

Court after the decree and sale, and exhibit a bill of re-vew, in which, among the numerous errors charged, they do not pretend to deny or controvert the fact, that the bond had been assigned to Hickman, or that he was the sole owner of the equity, but in effect admit it. If so, Shackleford is in no way prejudiced by the decree; and Hickman, upon whom process was duly served, cannot complain, as, upon his failure to answer every fact charged in the bill must be taken as true, and being taken as true, they fully justified the decree; nor can the matters set up in his bill of review be regarded, if even they present any available grounds of error in the decree, as he does not show that the facts charged were not in his knowledge before, or furnish any grounds for his failure to rely upon them before the decree was rendered.

Upon the whole, we cannot perceive that either of the plaintiffs in error has been prejudiced by the decree.

The decree is, therefore, affirmed with costs.

*Combs & Shy* for plaintiffs: *Robinson & Johnson* for defendant.