CASE 81—WARRANT—December 16.

# Board of Council of Danville v. Forman.

APPEAL FROM BOYLE CIRCUIT COURT.

1. SALE OF INTOXICATING LIQUORS—AGREED FACTS.—One convicted in the police court for the offense of selling liquor as a druggist without a prescription in violation of a city ordinance, upon appeal to the circuit court was properly found not guilty, where the agreed statement of facts failed to show when or where the alleged offense was committed, 'or that any ordinance on the subject was in existence.

2. STATUTORY CONSTRUCTION.—Under the provisions of Sec. 2558 of Ky. Statutes which prohibit druggists from making more than one sale of liquor on any prescription, in a place where local option is in force, one will not be permitted if he has a prescription for a certain quantity of liquor to buy and pay for part thereof at one time and part at another.

CHARLES C. FOX, FOR APPELLANT.

1. Appellee had no right as a druggist to split a prescription for liquor and let the party have one part at one time and another part at another; but he must have a separate prescription for each separate sale. Carrington v. Commonwealth, 78 Ky., 83; Commonwealth v. Day, 15 K. L. R., 456; Ky. Statutes Sec. 3490, Sub-sec. 27.

R. J. BRECKENRIDGE, JR., FOR APPELLEE.

1. The ordinance fixes a penalty for the offense different from that

fixed by the statute, and is therefore in violation of sec. 168 of the Ky. Constitution.

2. The sale as between the appellee and the person purchasing the liquor was consummated when the prescription was delivered and the appellee promised to furnish the whisky, and the fact that the purchaser only took part of it at that time and subsequently got the rest, does not make appellee guilty of making more than one sale on the same prescription.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

Appellee Forman was charged by warrant sworn out before the police court of the city of Danville "with unlawfully selling spirituous liquors, to-wit: Whisky to one Frank Eggleston, said Forman being a druggist and said liquor not being sold on the prescription of a physician in said city on the —— day of October, 1895, against the ordinance of said city in such cases made and provided."

On appeal to the circuit court from a judgment of conviction in the police court he was acquitted, and the Commonwealth has appealed. The agreed facts submitted to the court below are as follows: "It is agreed that the witness, Eggleston, would state that he bought of the defendant, Forman, whisky three different times on the same prescription, one or two days apart each time, paying for it each time; and the defendant would deny that he sold Eggleston more than twice on the same prescription; the prescription being for one pint and he let witness have one-half of the pint one day and on the following day or day after, the other half, being paid each time for amount taken; that the prescription itself will show that it was filled in part at different times and the defendant was a licensed druggist."

It is certified that "the above agreed statement of facts

[32]

was all the evidence introduced on the trial of the case."
This being true the judgment could not have been otherwise.
The plea was not guilty, and there is no argument or proof
as to when the alleged offense was committed, and it may
have been barred by lapse of time. Moreover, it does not
appear in any way where it was committed, whether in or
out of the city. Nor is it shown what the ordinances of the
city were or indeed that there are any at all on the subject
involved; nor do any ordinances appear in any pleading in
the case or in the record in any way. (17 A. & E. Ency. of
Law, 266.)

It is true certain languages purporting to be ordinances
are set out in the briefs of counsel, but of course
constitute no proof upon which the trial court could have
based a judgment.

Section 2558 of the Kentucky Statutes makes it the duty
of druggists who sell in localities where people have voted
against the sale of liquors under what is known as "local
option" law, to keep an accurate register of such sales and
preserve the prescriptions upon which liquors are sold, and
further provides that "only one sale shall be made on any
prescription." If it were shown by agreement or proof that
this law had been voted into operation in the city or that
an ordinance of a similar character was in force, the state
of the case presented as to the sales by Forman to Eggles-
ton would seem to come clearly within the provisions of the
law; otherwise the patient would only have to provide him-
self with a prescription for a pint or quart of whisky, and,
after calculation of how many drinks there were in a given
quantity, buy and pay for a drink at a time. There is noth-

ing whatever in the law preventing a sick man from taking the medicine prescribed for him by his physician on the premises of his druggist, and in extreme cases it is often important to the patient that he get the speediest possible relief.

If the plan pursued by Forman and Eggleston were permitted generally the drug store in the hands of less scrupulous persons might become a mere dram shop. But as we have seen, we have no knowledge of the statute indicated or that any ordinance of similar character is in force in Danville, or that the defendant sold any liquor within the city limits or within twelve months before the institution of the prosecution.

The judgment is affirmed.