## Bond, et al. v. Wheeler, et al.

(Decided January 26, 1923.)

### Appeal from Johnson Circuit Court.

1. **Judgment—Process—Warning Order—Affidavit For.**—An affidavit for warning order must conform strictly to the provisions of sections 57 and 58 of the Civil Code of Practice; and where there is no affidavit, or where any prescribed fact is omitted the clerk is without authority to issue a warning order, and a judgment based thereon is void, though in a collateral attack it will be presumed that the clerk performed his duty, unless it affirmatively appears from the record to the contrary. Hence, where there was no affidavit in one petition and a defective one in the other, a judgment in the consolidated cases will be reversed on appeal after motion made in the court below and overruled to set it aside as void.

2. **Process—Warning Order—Affidavit.**—An amended affidavit, made nine months after the filing of the petition and issuing of the warning order, will not relate back to that date so as to secure the defective warning order, though when issued in the consolidated cases upon proper affidavit made after the consolidation it would be good as to all the cases.

3. **Judgment—Default Judgment—Reversal.**—A judgment by default must be supported by a good petition; and where the petition is defective and insufficient to show grounds for recovery a default judgment, in accordance with its prayer, is erroneous and will be reversed on appeal.

HELM BRUCE, PRITCHARD & MALIN, BRUCE & BULLITT and KIRK & KIRK for appellants.

D. J. WHEELER, GEO. B. MARTIN and JOHN L. SMITH for appellees.

Opinion of the Court by Judge Thomas—Reversing.

On October 22, 1917, these two actions were filed in the Johnson circuit court against appellants, Warren C. Daniel and Raymond N. Bond, and one Joseph L. Bond. One of them was filed by appellee, D. J. Wheeler, and the other by appellee, J. A. Cooper, whom we will hereafter refer to jointly as "plaintiffs." Each of the petitions sought to assert a lien on a one-fourth undivided interest in and to certain oil, gas and mineral leases, covering about 20,000 acres of land, mostly in Johnson county, and the remainder in Magoffin and Morgan counties.

It was alleged that the undivided one-fourth interest in the leases sought to be subjected was owned jointly by the three defendants, but without stating the proportions of each. Daniel was attempted to be proceeded against as a nonresident, and summons was served on defendant, Raymond N. Bond, but no service, either actual or constructive, was ever had upon defendant, Joseph L. Bond. The claims, attempted to be asserted by each of the petitions, grew out of an alleged employment of plaintiffs by defendants through Joseph L. Bond, acting for himself and as agent for the others, in the procurement of the leases. Wheeler claimed that he was entitled to recovery under his employment the sum of $2,104.00, and Cooper sought a recovery for the sum of $2,050.00. There was no *separate* affidavit in either of the cases supporting the right to constructive process for defendant, Daniel, but an attempt was made to allege grounds therefor in each petition. As appearing in Wheeler's petition the language is: "Plaintiff states that the defendant, Warren C. Daniel, is a nonresident of this state, and resides or has an office at 220 W. 42 St., New York City, New, York;" while in Cooper's petition it is thus stated: "Plaintiff states that the defendant, Warren C. Daniel, is a nonresident or has an office at 220 W. 42 St., New York City, New York, and is now absent from this state." Wheeler's petition was not sworn to but Cooper's was. The clerk issued a warning order in each of the actions and appointed a corresponding attorney. The return on the summons against defendant, Raymond N. Bond, was, on his motion, quashed, but later another one issued which was executed on him and in which he seems to have acquiesced.

On August 31, 1918, an amended petition and affidavit was filed in each of the cases, and an attachment was issued against each of the defendants and levied on their

alleged joint interest in the leases. Afterwards the cases were consolidated and a personal judgment by default was rendered against each of the defendants for the respective amounts claimed. The attachments were sustained and the attached property was ordered to be, and was, sold by the master commissioner, at which sale plaintiffs became the purchasers at the sum of $2,500.00. Following that, a motion was made by defendant, Raymond N. Bond, to set aside the sale and all proceedings subsequent to the judgment, which motion was overruled and it was followed by another one made by him and Daniel to set aside the judgment on the ground that it was void, and that motion was likewise overruled, from which order, as well as from the original judgment, defendants prosecute this appeal.

A number of questions are presented and argued by respective counsel, but we have concluded not to consume time in a consideration of all of them, since we are satisfied that for reasons hereinafter stated the judgment was erroneous and must be reversed.

At the outset it must be admitted that, as to the Wheeler case the judgment against defendant, Daniel, is, not only erroneous, but void, since there was a total failure to allege or present any grounds authorizing constructive service. In the Cooper case the petition, as we have seen, was sworn to, but the alleged grounds for the warning order were fatally defective. Subsection 2 of section 57 of the Civil Code authorizes constructive service by warning order against ''A nonresident of this state and believed to be absent therefrom;'' and subsection 2 of section 58, withholds from the clerk the right to issue the order, unless preceded by an affidavit stating ''in what country the defendant . ... may be found, and the name of the place wherein a postoffice is kept nearest to the place where the defendant or its chief officer or agent resides or may be found; or unless the affidavit states the affiant's ignorance of such of those facts as he does not know.'' The affidavit of Cooper stated that defendant, Daniel, was a nonresident of the state and ''is now absent from this state,'' but it did not name the place of his residence or the place wherein a postoffice was kept nearest to the place where he might be found. The language of the affidavit, ''and (he) resides or has an office at,'' etc., neither states the residence of the nonresident defendant, nor his postoffice address, each of which is expressly required to be stated by the sections

of the Code referred to; and a failure to state them has been uniformly held by this court to vitiate the process. Baker v. Baker, 162 Ky. 683; Redwine v. Underwood, 101 Ky. 190; Warrick v. McCormick, 150 Ky. 800; Arthurs v. Harlan, 78 Ky. 138, and a number of cases in the notes to sections 57 and 58, vol. 1, Edelen's Pleading and Practice. The cases all hold that it will be presumed on a collateral attack of the judgment that the clerk had sufficient evidence before him to justify the issuing of the warning order, unless it affirmatively appears from the record to the contrary. It will furthermore be observed, from the cited opinions and others from this court, as well as from text writers and other courts dealing with constructive process, that the prescribed practice provided therefor must be strictly followed, and that "nothing short of a substantial compliance with every prerequisite will give the court jurisdiction of the property sought to be subjected to the payment of the plaintiff's claim." Brownfield v. Dyer, 7 Bush 505, and Grigsby v. Barr, 14 Bush 330. It is also the universal rule that a personal judgment cannot be rendered on constructive process alone, which is employed only in proceedings *in rem,* and in which proceedings the defendant against whom the process issued may be deprived of his property without an actual contest on the merits in court; and for that reason courts require a strict adherence to the prescribed practice.

But, it is insisted by plaintiffs that their amended petitions, filed nine months after their original petitions, cured the defects in the latter by stating sufficient grounds for the warning orders; but we cannot agree therewith, since neither of the amendments gave the name of a place wherein a postoffice is kept nearest the place where defendants resided or where they might be found, nor did the amendments state that the defendant was *then* absent from the state. If, however, the amendments measured up to the requirements of the statute the judgment would still be erroneous, because no warning order was made upon the filing of those amendments, which for the first time (if we should concede their sufficiency), the necessary grounds for the warning order were stated, and, manifestly such subsequent statement can not relate back to the date of the filing of the original petition and vitalize a warning order issued at that time upon no alleged grounds whatever, or upon totally insufficient ones. It necessarily follows that both the per-

sonal and the *in rem* judgment against defendant, Daniel, was void.

At this point, however, it is insisted by plaintiffs that defendant, Raymond N. Bond, who was personally served with summons, may not take advantage of the defects in the judgment against his codefendants, Daniel, but we do not deem it necessary to determine that question, though we have some doubts of the soundness of the contention. The judgment is a joint one and, as we have seen, there is nothing in the record to show the extent of each defendant's interest in the attached property. This court held in the cases of White v. Moyers, 17 Ky. L. R. 407, and Stephens v. Stephens, 27 Ky. L. R. 555, that a served defendant could take advantage on appeal of the failure to execute the refunding bond required by section 410 of the Civil Code in favor of his nonresident co-defendant; and by analogy, it might be said that the same relief would be open to the resident, or served defendant, where other and more vital rules of practice were not observed. Plaintiffs cite and rely upon the case of Shackelford and Hickman v. Hunt, 4 B. Mon. 262, as holding to the contrary of the White and Stephens opinions, but that opinion was rendered before the adoption of our Civil Code of Practice and was a proceeding practiced under a statute of 1837, which prescribed entirely different rules of procedure from that contained in the Code, and the refunding bond provided for under that statute provided that the complainant (plaintiff) should not receive the proceeds of the property sought to be subjected until the bond to the nonresident was executed, and the court said: "This clause seems to imply that a decree may be rendered before the bond is executed, and if so, then the prior execution of the bond is not essential to the validity of the decree, but it may be executed at any time before the proceeds of the sale is paid over to the complainant." However, the court said that conceding that the statute required a prior execution of the bond before entry of judgment the failure to do so would not render the judgment void but only erroneous, which was dictum.

Conceding, however, for the purposes of this case, the correctness of plaintiffs' contention on this point, and without determining it, there is yet another ground upon which appellant and defendant, Raymond N. Bond, is entitled to a reversal of the judgment as against him, which ground is also available to defendant, Daniel. It

is the practice in all courts that to sustain a default judgment there must be a sufficient petition, and a failure to appear and respond to its allegations operates only as an admission of such facts as are *well* and *properly* pleaded therein. Holzknecht v. Louisville Deutsche Scheutzen Gesselschoft, 195 Ky. 189, and cases referred to therein.

The petitions in each of the cases alleged as grounds for recovery, that the plaintiffs were employed to procure for defendants the described leases and were to be paid a per diem allowance and expenses, which in Wheeler's case is alleged to amount to $104.00, and in Cooper's case to $50.00, and the $2,000.00 was claimed upon the ground, as alleged in both petitions, that "defendants agreed to transfer and turn over to this plaintiff tracts or leases on land in each locality where said leases were taken; that said leases were to be and were taken in the name of Joseph L. Bond and for and as agent for Warren C. Daniel and R. N. Bond, as well as himself; that he (plaintiff) taken and caused to be taken some twenty thousand acres of leases on land in the above named counties, and that at least 10% of said leases should have been assigned and transferred to this plaintiff, and that said leases which the defendants agreed to transfer would have been reasonably worth and would have brought on the market at least two thousand dollars."

It is difficult. if not impossible, to determine from that allegation, what, if any, obligatory agreement is alleged against defendants. No agreement to turn over to plaintiffs any stated acreage of the leases, or any percentage thereof is alleged, nor is it alleged whether it was to be done without payment of any further consideration, nor is there any statement from which any calculation could be made in order to ascertain the amount due plaintiffs; nor is it anywhere stated in either petition that plaintiffs had made demands of defendants to turn over to them any portion of the leases; nor, indeed, is it anywhere alleged that they had failed to turn over to them whatever portion thereof they had agreed to do, if such an agreement existed. Clearly, such defective allegations are insufficient to support the default judgment, and for that reason alone the served defendant, Bond, and also his nonresident co-defendant, Daniel, are entitled to have it reversed; and this conclusion renders it unnecessary to determine the final and last contention of plaintiffs that service of a summons on R. N. Bond

was sufficient to bring the defendant, Daniel, before the court under subsection 6 of section 51 of the Civil Code, which subsection was an amendment to that section enacted May 13, 1893, but which the Supreme Court of the United States held to be unconstitutional in the case of Flexner v. Farson, 248 U. S. 289, 63 L. Ed. 250.

Wherefore, the judgment is reversed with directions to set it aside and for proceedings consistent with this opinion.