## 14334, 14335.　FREEMAN v. BLOUNT CARRIAGE & BUGGY COMPANY; and vice versa.

A second original process for service on a defendant residing in a county other than the one in which the suit is pending should be directed to the sheriff of the county in which that defendant resides; and this requirement is not met by a process directed to " all and singular the sheriffs and their deputies of the State of Georgia."

DECIDED JULY 11, 1923.

Action for damages; from city court of LaGrange — Judge Duke Davis. January 17, 1923.

Lee B. Wyatt, Walter B. Branan, for plaintiff.

Lovejoy & Mayer, for defendant.

BLOODWORTH, J.  Lorimer Freeman, by next friend, filed a petition in the city court of LaGrange against Sam Jones of Troup county and the Blount Carriage & Buggy Company of Fulton county.  A motion to dismiss the petition was made by the Blount Carriage & Buggy Company, upon the ground that no service had been perfected upon it.  The record shows that what counsel designates as a " second original " is nothing more than a copy; that the process which was served in Fulton county, and which was attached to and formed a part of the alleged second original, is but a copy of the process attached to the original petition and the copy thereof to be. served in Troup county.  Under the ruling in *Southern Ry. Co. v. Griffler, 28 Ga. App.* 646 (112 S. E. 735), and cases cited therein, "Where a second original is issued for the purpose of serving a defendant residing in a county other than that in which the suit is pending, process therein should be directed to *the sheriff of the county in which the defendant so to be served resides.*"  (Italics ours.)  This positive requirement of the law is not met by a process directed to " all and singular the sheriffs and their deputies of the State of Georgia."  The court therefore erred in not sustaining the motion to dismiss the suit in so far as it related to the Blount Carriage & Buggy Company.

*Judgment on cross-bill of exceptions reversed; main bill of exceptions dismissed.  Broyles, C. J., and Luke, J., concur.*