## McGuire v. Cope, et al.

(Decided May 29, 1928.)

### Appeal from Breathitt Circuit Court.

1. Judgment.—Under Ky. Stats., sec. 3760, court should not set aside judgment obtained on process duly returned by one conceded to be authorized to execute it, unless evidence is clear. positive, and convincing that judgment was obtained by plaintiff's fraud or mistake of officer in executing summons.

2. Witnesses.—In wife's action to set aside judgment against her and husband on ground that she was never served with summons as recited in officer's return, husband's testimony that officer delivered to him two copies of summons, one of which was for wife, was incompetent, as he could not testify for wife.

3. Process.—Wife's testimony that summons in action against her and her husband was not served on her and that she knew nothing of suit held insufficient, under Ky. Stats., sec. 3760, to overcome officer's return and testimony that he always made return according to facts.

4. Mortgages.—Bank without knowledge of mortgage, executed by husband to wife before it filed suit against them to foreclose its prior mortgage was not affected by placing of second mortgage on record after judgment was rendered.

5. Mortgages.—It was incumbent on wife, who was before court in action against her and husband to foreclose mortgage bearing usual certificate of acknowledgment by her, to file answer and show in such action that she did not sign or acknowledge mortgage in order to rely on such objection in her subsequent action to set aside judgment obtained.

6. Mortgages.—Confirmation of mortgage foreclosure sale, to report of which wife, who was before court as husband's codefendant, filed no exceptions, was final judgment precluding reliance on objections, in action to set aside judgment, that sale was not properly advertised or made as provided by law and that land sold for unreasonable price.

7. Judgment.—A party who has had a day in court can open judgment obtained against her only on some of the grounds set out in Civil Code of Practice, sec. 518.

8. Homestead.—Ky. Stats., sec. 1705, prohibiting sale of land on which debtor has homestead, unless more than $1,000 is offered, does not apply to mortgage foreclosure sale, as mortgage waives homestead and creditor may subject whole tract to his debt.

9. Mortgages.—Purchaser of land from bank, acquiring it at sale under judgment foreclosing its mortgage thereon before second mortgage, of which bank had no knowledge, was lodged for record, was not affected by latter mortgage, though she had notice thereof at time of buying land.

10. Mortgages.—Rights of husband under his former wife's will and of their minor children cannot be determined in second wife's action against husband, mortgagee, and purchaser of mortgaged property after foreclosure sale to set aside sale; such children not being before court.

11. Appeal and Error.—The Court of Appeals gives some weight to the judgment of circuit court on the facts, and will not disturb it where the mind is left in doubt on the whole case as to the truth.

E. C. HYDEN for appellant.

HENRY SPENCER for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

On January 19, 1925, the Hargis Commercial Bank & Trust Company filed an action in equity in the Breathitt circuit court against Kelly McGuire, and Lillie McGuire, his wife, seeking to recover on a promissory note for $265; also a note for $85 and to foreclose a mortgage on a tract of land as the property of Kelly McGuire given by them to secure the notes. The process was returned duly executed, and at the next term of the court a judgment was entered by default for the amount of the notes and directing a sale of the land. The sale was made on May 25, 1925. It was reported to the court and duly confirmed. The land was appraised at $3,000. The bank was the purchaser at the sale for $300. The land not having been redeemed, a deed was made to the bank on August 14, 1926, after the year allowed for redemption had passed. On November 27, 1926, the bank, by a quit-claim deed, conveyed the land to Louise Cope in consideration of $600. On December 4, 1926, Lillie McGuire brought this action against Louise Cope, the bank, and Kelly McGuire, setting out the above proceedings, and alleging that she had not signed either of the notes referred to or signed or acknowledged the mortgage, and that she was never in fact summoned in the action and had no notice or knowledge of its pendency, and that the return on the summons was a result of mistake on the part of the officer or of an actual fraud attempted to be perpetrated by him; that she held a mortgage on the land given to her by Kelly McGuire on November 22, 1925. She alleged that the land was the homestead of the family on which she and her infant children resided; that the sale was void as to her; that the sale was made without proper advertisement and without her knowledge; that the land was divisible; that a homestead should have first been set aside and only a part of the land sold; and that the price for which the land was sold was unconscionably inadequate, as it was reasonably of the value, $6,000. The allegations of her pleading were controverted, proof was taken, and on final hearing the circuit court dismissed her petition. She appeals.

The first question in the case is, was the process served on Lillie McGuire? The sheriff's return is in proper form and shows that it was served upon her. She testifies that it was not served upon her and that she knew nothing about the suit. Her husband testifies that the of-

ficer delivered to him two copies of the summons, one for him and one for his wife. The officer testifies that he has no recollection of the transaction, but that he never did such a thing in his life and always made his return according to the facts. Section 3760, Kentucky Statutes, provides:

> "Unless in a direct proceeding against himself or his sureties, no fact officially stated by an officer in respect of a matter about which he is by law required to make a statement, in writing, either in the form of a certificate, return or otherwise, shall be called in question, except upon the allegation of fraud in the party benefited thereby, or mistake on the part of the officer."

The well-settled rule of this court under the statute is this:

> "When a judgment has been obtained upon process duly returned, executed by one who is conceded to be a person authorized to execute it, the court should not set aside such a judgment unless the evidence is clear, positive, and convincing that it was obtained by the fraud of the plaintiffs, or by the mistake of the officer in executing the summons." Utter etc., v. Smith, 80 S. W. 447, 25 Ky. Law Rep. 2272.
>
> "The only proof is the deposition of Josie Hurley, stating that the summons was not served on her, and the deposition of the sheriff stating in effect that he does not remember the circumstances but that he did whatever his return shows. If a judgment could be set aside on such proof the wise purpose of the statute would be entirely defeated and there would be no certainty in judicial proceedings. There is no proof that the officer did not personally know Josie Hurley or that she was out of the county or of any like facts." Quinn-Marshall Co. v. Hurley, 209 Ky. 156, 272 S. W. 403.

To same effect, see Com. v. Jackson, 10 Bush, 424; Amos v. Massie, 140 Ky. 54, 130 S. W. 950; and Ford v. Fischer, 202 Ky. 494, 260 S. W. 20.

The proof here to overcome the return of the officer is no stronger than was the proof in the cases cited above. If the return of an officer and the judgment of the court, based thereon, could be set aside in all cases on such proof, confidence in the judgments of courts would be

destroyed. A very heavy penalty is imposed on an officer for making a false return, and he is also liable on his bond therefor. The testimony of the husband here was incompetent, as he could not testify for his wife and this objection was made to his testimony. This leaves only the testimony of the wife on one side and the return of the officer and his testimony on the other. To say that here the evidence is clear and convincing would be in substance to overrule the above cases and entirely disregard the plain purpose of the statute.

While the mortgage to Mrs. McGuire was executed before the suit was filed, it was not lodged for record until after the judgment was rendered, and there was no evidence that the bank had any knowledge of it. It was not therefore affected by the subsequent placing of the mortgage upon the record. As Mrs. McGuire was before the court, it was incumbent upon her to file answer and show in that case that she had not signed the Bowles' mortgage or acknowledged it. The certificate of the officer on the mortgage was in the usual form and showed that she had acknowledged it before him. There is no allegation even now that this certificate was by reason of any mistake in the officer making it, or fraud of the party benefited. As Mrs. McGuire was before the court, it was incumbent on her to file exceptions to the report of sale if the sale had not been properly advertised or if the sale had not been made as provided by law. When she did not file exceptions in that action and the sale was confirmed, this was a final judgment, and she cannot in this action rely upon any objections to the sale that should have been presented in the original action, when she was before the court. A person is entitled to a day in court, but only a day. When the day is passed and judgment in the action is entered, the party can only open the judgment on some of the grounds set out in section 518 of the Civil Code of Practice, none of which applies here. It is earnestly insisted that the land sold for an unreasonable price, and that the court will not sustain such a sale. But this rule only applies where exceptions are filed to the report of sale and the matter is presented to the court in the action before the sale is confirmed. The same rule applies as to other irregularities in the sale.

It is earnestly insisted that under section 1705, Kentucky Statutes, regulating the sale of land in which the debtor has a homestead, it is provided that there shall be .

no sale if the land when offered does not bring more than $1,000. But this provision does not apply where the land is sold under a mortgage. For by the mortgage the homestead is waived and the creditor then has a right to subject to his debt the whole tract.

Louise Cope had notice of appellant's mortgage when she bought the land from the bank, but by her purchase she acquired all the rights of the bank, and it was not affected by this mortgage lodged for record after the judgment for the sale of the land was rendered. If the bank had continued to hold the title, this mortgage could not be asserted against it. Louise Cope by her purchase from it stands in its shoes.

Kelly McGuire claimed this land under the will of his first wife. She left four children who were still infants. What their rights are, or what his rights may be, cannot be determined in this action, as they are not before the court and no opinion is expressed thereon. The trouble seems to be due to doubt as to the title of Kelly McGuire under his former wife's will.

The case is a hard one. The court is powerless to give the plaintiff any relief when she does not bring herself within any of the grounds for opening the judgment as provided in the Code. The sale of the land was known and much talked about in the neighborhood, and there is proof that Mrs. McGuire knew then that the sale had been made. The court gives some weight to the judgment of the circuit court on the facts, and it will not be disturbed where, on the whole case, the mind is left in doubt as to the truth.

Judgment affirmed.