# St. Matthews Bank & Trust Co v. Fairleigh.

(Decided May 10, 1935.)

W. F. BAUMEISTER for appellant.

J. FRANKLIN FAIRLEIGH for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—
Affirming.

On April 23, 1932, the St. Matthews Bank & Trust Company obtained a judgment against J. F. Fairleigh for $3,800, together with interest and costs, subject to a credit of $71.50. On May 23, 1932, there was issued thereon an execution directed to the sheriff of Jefferson county, which was the county of the defendant's residence, and the county in which the judgment was rendered. On May 24, 1932, execution was placed in the hands of the sheriff to do execution thereof and was returned by him on June 27, 1932, marked "No Property found."

On July 23, 1932, the bank brought this action under section 439, Civil Code of Practice, asking for a general order of attachment and for a discovery. On November 21, 1932, the order of attachment was served on Annie T. Fairleigh, the wife of the defendant, and she was summoned to answer as garnishee. On January 7, 1933, Mrs. Fairleigh filed an answer stating under oath that she did not have on the date of the service of the order of attachment or at any other time, and had not then any money, choses in action, or property of any kind

in her possession belonging to the defendant, J. Franklin Fairleigh. On April 15, 1933, the bank filed an amended petition in equity making Mrs. Fairleigh a party defendant. Summons was issued and served on Mrs. Fairleigh on May 10, 1933. Mrs. Fairleigh did not answer, and on October 28, 1933, the bank moved for judgment. The motion was sustained by Hon. John Marshall, the chancellor then presiding, and counsel was directed to draw a judgment. No judgment was entered and later on the motion was renewed before Judge Humphrey, who succeeded Judge Marshall as chancellor. Judge Humphrey declined to enter the judgment, but entered an order permitting the bank to take proof on the issue raised by Mrs. Fairleigh's answer as garnishee. The bank declined to proceed further in the matter and the action against Mrs. Fairleigh was dismissed. The bank appeals.

The chancellor refused a default judgment on the ground that Mrs. Fairleigh's answer as garnishee made an issue. Whether this be true or not we deem it unnecessary to decide, as the ruling of the court may be sustained on another ground. An insufficient petition will not authorize or support a default judgment, Bond v. Wheeler, 197 Ky. 437, 247 S. W. 708, and, if the amended petition was not sufficient, the court did not err in refusing a default judgment. In a case like this, where the garnishee is proceeded against in an independent action, or by an amended petition in the original action, the plaintiff must state a cause of action existing in favor of the principal defendant against the garnishee with the same particularity that would be required of him if he were suing the debtor. Prater v. Dingus, 230 Ky. 82, 18 S. W. (2d) 883. Omitting the prayer for personal judgment, the amended petition making Mrs. Fairleigh, the garnishee, a party, reads as follows:

"The plaintiff, St. Matthews Bank & Trust Company, for amendment to its original petition reiterates each and every allegation and statement contained therein the same as if fully copied herein and states further that Annie Tyler Fairleigh and David W. Fairleigh, and each of them are now and were at all times herein mentioned indebted to and holding property of the defendant, J. F. Fairleigh, in the sum of $4,655.96."

'An allegation that one is indebted to another in a certain sum without stating the origin or nature of the indebtedness is a mere legal conclusion, and therefore insufficient. LaFayette Agricultural Works v. Trustees of Baptist Church of Paris, 4 Ky. Law Rep. 447; Camplin v. Eads, 24 S. W. 1068, 15 Ky. Law Rep. 666. Equally insufficient is an allegation that one is holding property of another in a certain sum. That might be true, and yet the holder might have a right to hold it and the owner might have no right of recovery. Therefore, it is apparent that if J. F. Fairleigh had been suing the garnishee, the pleading would not have stated a cause of action in his favor, and that being true it did not authorize a judgment in favor of the bank against the garnishee.

Judgment affirmed.

Whole court sitting.