## Bush et al. v. Arnett

(Decided Feb. 1, 1938.)

LEEBERN ALLEN for appellants.
A. H. STAMPER and A. C. RUSSELL for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE STITES—
Affirming.

On January 17, 1923, appellants, W. B. Bush and Sarah Bush, his wife, executed a note in the sum of $500 in favor of appellee, Lina Arnett. The note was not paid, and, on September 5, 1929, appellee filed suit in the Wolfe circuit court to recover a judgment for the amount of the note less one credit of $60. Summons was issued and a due return made thereon by the sheriff showing service on both of the defendants. No defense was made, and judgment for the amount due was rendered on December 6, 1929. Execution was issued on the judgment, and a return of "no property found" was made. Thereafter, on January 18, 1936, the suit now before us was filed on the judgment, asking for a general order of attachment against the property of the appellants, and real estate belonging to the appellant Sarah Bush was reached by the levy.

Appellant W. B. Bush made no defense, but Mrs. Bush filed an answer in which she undertook to plead, amongst other things, that she had signed the note as surety for her husband and was not liable thereon under the provisions of section 2127 of the Kentucky Statutes. Proof was taken, and on final submission the court rendered a judgment in favor of appellee, sustaining the attachment and directing a sale of the property involved. In the course of its judgment the court directed that appellee's motion to strike each paragraph of the answer should be sustained, and also sustained a demurrer to each paragraph. The only points argued here are that the defense of appellant Sarah L. Bush under section 2127 of the Kentucky Statutes should have been upheld and that the court should not have overruled a demurrer to the petition and sustained a demurrer to, and a motion to strike from, the answer.

It has been thoroughly settled since the passage of the Weissinger Act in 1894 (Ky. Stats., sec. 2127) that a married woman must plead the defense of suretyship in the original proceeding and cannot set it up to bar the collection of a judgment obtained against her. This was determined in the case of Turner v. Gill, 105 Ky. 414, 49 S. W. 311, 20 Ky. Law Rep. 1253, decided in

1899, and the rule has been consistently applied since that time. Wren v. Ficklin, 109 Ky. 472, 59 S. W. 746, 22 Ky. Law Rep. 1035; Howard v. Gibson, 60 S. W. 491, 22 Ky. Law Rep. 1294; Bethel v. Durall, 61 S. W. 699, 22 Ky. Law Rep. 1801; Shanklin v. Moody, 66 S. W. 502, 23 Ky. Law Rep. 2063; Herring v. Johnston, 72 S. W. 793, 24 Ky. Law Rep. 1940; Belcher v. Polly, 106 S. W. 818, 32 Ky. Law Rep. 623; Bogie v. Nelson, 151 Ky. 443, 152 S. W. 250; Miracle v. Purcifull, 178 Ky. 212, 198 S. W. 753; Cleveland v. Couch, 231 Ky. 332, 21 S. W. (2d) 468.

It is argued that a demurrer should have been sustained to the original petition because certain blanks therein were not filled in. However, the blanks complained of were contained in an amended petition, and the original petition, which was not withdrawn, contained all of the essential figures and dates left out of the amended pleading. It is apparent that the amended petition was filed simply to correct certain allegations of the original petition, and the court was of course justified in considering the two pleadings together.

It can hardly be doubted that the circuit court should have given appellant an opportunity to amend her answer after the demurrer to it was sustained. However, appellant does not contend here that she could have corrected or cured any of the defects in her answer by amendment. She plants her case squarely on the proposition that the answer as drawn stated a defense and the court should not have sustained the demurrer. It is obvious from what we have said above that the attempt to rely on the provisions of section 2127 of the Statutes was abortive, and the attempt to plead that appellant was not before the court on the prior proceeding in the face of the sheriff's return on the summons in that action falls short of the requirements of section 3760 of the Kentucky Statutes. Indeed, the evidence that appellant introduced on this point, most of which was incompetent, likewise fails to measure up to the statute. McGuire v. Cope, 225 Ky. 521, 9 S. W. (2d) 528. It is apparent that an opportunity to amend would have gained her nothing. Conceding that the court was in error in sustaining the motion to strike and the demurrer, and not thereafter allowing appellant time to amend, it is clear that she

806

has not in any way been prejudiced by this action under the circumstances here presented. It is only where an error affects the substantial rights of a party that we are authorized to reverse. Civil Code of Practice, secs. 134, 338, 756.

Judgment affirmed.