## Foster et al. v. Hill et al.

March 15, 1940.

Flem D. Sampson, Judge.

G. W. Stephens for appellants.

G. W. Hatfield for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Reversing.

William Hill, a resident of McCreary County, died intestate in September 1933. His son, J. H. Hill, qualified as administrator of the estate in that same month, with T. J. Foster and A. C. Foster signing as sureties his bond for $1,000. In 1936 a petition in equity was filed by some of the heirs seeking a settlement of the estate, and later an amended petition made parties defendant the sureties on the administrator's bond, alleging that the administrator had converted $890.40 of the personal estate of decedent coming into his hands; that he personally owed his decedent $209.40; and judgment was asked against the sureties for these two sums. No answer was filed and on the tenth day of the December 1936 term default judgment was rendered against the administrator and his sureties, the appellants, for the amounts sued for with interest from Feb. 4, 1933.

Appellants filed their motion on April 6, 1938, under Section 763, Civil Code of Practice, asking that the judgment be vacated as to them on the ground that neither of them was served with process. Appellees filed response to this motion in which they alleged T. J. Foster was a resident of Wayne County and their attorney requested the clerk of the court to issue a summons to Wayne County for him. By oversight and inadvertence, the clerk directed the summons to the sheriff of McCreary County, and without noticing the mistake the summons was forwarded to the sheriff of Wayne County, who served it upon T. J. Foster. The response further re-

cites A. C. Foster was a resident of McCreary County, and summons which issued to that county was served upon him by the sheriff of McCreary County. This response is supported by the affidavits of plaintiffs' attorney and the clerk of the court who issued the summons. The copy of the summons filed in the record shows it was directed to the sheriff of McCreary County and the return thereon shows it was served on T. J. Foster and Alves Foster by the sheriff of Wayne County by Owen Worley, deputy sheriff. Some months thereafter an alias summons was issued to McCreary County against A. C. Foster, and the return thereon shows due service by the sheriff of that county upon him.

The court overruled the motion of the appellants to vacate the default judgment rendered against them and on this appeal they ask a reversal of the judgment because the service of process on T. J. Foster was made by the sheriff of Wayne County when the summons was directed to the sheriff of McCreary County, therefore it amounts to no service; that A. C. Foster was never served at all; the petition and amended petition are not sufficient to support the judgment.

The return on the summons issued to McCreary County against A. C. Foster shows it was duly executed on him, and his affidavit that he was not served cannot be considered in the face of Section 3760, Kentucky Statutes. This section provides that except in a direct proceeding against himself or his sureties, an officer's certificate, such as the return on a summons, cannot be questioned except upon an allegation of fraud on the part of the one benefited thereby, or mistake on the part of the officer. Hence a return on a summons cannot be collaterally attacked, as was attempted to be done here, in the absence of an allegation of fraud or mistake. Wiser v. Shacklett, 208 Ky. 317, 270 S. W. 754; McGuire v. Cope, 225 Ky. 521, 9 S. W. (2d) 528. Here there was no such allegation and A. C. Foster's affidavit that he was not served cannot be considered. Commonwealth Life Ins. Co. v. Combs, 251 Ky. 540, 65 S. W. (2d) 696.

A more difficult question confronts us in determining whether service on T. J. Foster was good by the sheriff of Wayne County where the summons so served was directed to the sheriff of McCreary County. Section 41 of the Civil Code of Practice provides:

"A summons shall be issued at any time, to any county, against any defendant, at the plaintiff's request. * * *"

Subsection 1 of Section 47 of the Code reads:

"The summons may be served—By the officer to whom it is directed, or any officer to whom it might have been directed * * *."

Section 667 of the Civil Code of Practice reads as follows:

"1. Every process in an action or proceeding shall be directed to the sheriff of the county; or, if he be a party, or be interested, to the coroner * * *. 2. The summons * * * may, at the request of the party in which behalf it is issued, be directed to any of the officers named in the first subsection * * *."

Counsel have cited us to no case construing the above sections of the Code as to whether a summons directed to the sheriff of one county may be executed by the sheriff of another county upon a defendant residing in the confines of the latter county. We have found no domestic cases on the point, but 50 C. J. 454, Section 31 and 21 R. C. L. 1266, Section 7, are to the effect that where a defendant resides in a county different from the one wherein the action is brought, and process is authorized by law against him, such process must be directed to the sheriff of the county wherein the defendant is sought to be served. Supporting these texts are Antcliff v. June, 81 Mich. 477, 45 N. W. 1019, 10 L. R. A. 621, 21 Am. St. Rep. 533; Southern Railway Co. v. Griffler, 28 Ga. App. 646, 112 S. E. 735; Freeman v. Blount Carriage & Buggy Co., 30 Ga. App. 626, 118 S. E. 599. The court said in the Antcliff case [81 Mich. 477, 45 N. W. 1023, 10 L. R. A. 621, 21 Am. St. Rep. 533]:

"When a suit is commenced under this section [Section 7317 of the Statutes, allowing process to run against a defendant in an adjoining county], and the defendant is not a resident of the county where suit is brought, and it is intended to gain jurisdiction by service in the adjoining county, the process must be issued directed to an officer of that county. He has no power to serve process directed to a con-

stable of another county, unless especially authorized so to do by law."

In the Griffler case the court said [28 Ga. App. 646, 112 E. E. 736]:

"Where a second original is issued for the purpose of serving a defendant residing in a county other than that in which the suit is pending, the process therein should be directed to the sheriff of the county in which the defendant so to be served resided. * * * A sheriff of one county cannot legally serve a process directed to the sheriff of another county. If he attempts to do so, and a judgment by default is entered against one so served, the judgment is void."

We conclude the service of summons against T. J. Foster was a nullity, therefore he was never before the court and the judgment so far as it affects him is void. Cox v. Fowler, 111 S. W. 703, 33 Ky. Law Rep. 928; McComas v. Hull, 274 Ky. 192, 118 S. W. (2d) 540.

The judgment as to A. C. Foster was erroneous in that it adjudged a recovery against him not only for the $890.40 the administrator converted, but also for the $209.40 the administrator was personally indebted to decedent. A surety on the bond of an insolvent personal representative is not liable for the individual indebtedness of such representative to his decedent's estate. Buckel v. Smith's Adm'r, 82 S. W. 1001, 26 Ky. Law Rep. 991; Williams' Adm'r v. Vonderhaar's Ex'x, 262 Ky. 68, 89 S. W. (2d) 321. The amended petition upon which plaintiffs sued the sureties on the bond alleged that there was a personal indebtedness of $209.40 the administrator owed decedent's estate evidenced by a judgment decedent obtained against him. Since the surety on an insolvent personal representative's bond is not liable for his individual indebtedness to the estate, their petition was insufficient to authorize a default judgment against A. C. Foster for this $209.40. Bond v. Wheeler, 197 Ky. 437, 247 S. W. 708; St. Matthews Bank & Trust Co. v. Fairleigh, 259 Ky. 209, 82 S. W. (2d) 326; Prater v. Dingus, 230 Ky. 82, 18 S. W. (2d) 883. The chancellor should have adjudged A. C. Foster liable only on the $809.40 item, with interest, which the

332

administrator converted, but such liability should be limited to $1,000, the amount of the bond.

The judgment is reversed for proceedings consistent with this opinion.