## Hall et al. v. Bradley.

March 24, 1942.

C. F. See, Jr., for appellants.

Chesley A. Lycan for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

On April 18, 1936, L. E. Bradley brought an action in the Lawrence circuit court against John Hall on a note of $54 and an open account of $6.25. An attachment was levied on a small tract of land in Lawrence county. Hall, a resident of Mingo county, West Virginia, was summoned in the manner prescribed by Section 56 of the Civil Code of Practice which provides that "if a defendant be out of this State the plaintiff may take a copy of the petition, certified by the clerk, with a summons annexed thereto, warning him to appear and answer the petition within sixty days after the same shall have been served on him, and may cause a copy thereof to be delivered to such defendant by a person to whom he is personally known. Proof of the delivery shall be made by the affidavit of the person making it, indorsed on or annexed to the certified copy and summons, in which the time and place of the delivery, and the fact that the defendant was personally known to the affiant, shall be stated. The officer before whom the affidavit is made shall certify that the affiant is personally known by him to be worthy of credit."

Hall failed to answer, and on October 19, 1936, the court submitted to a jury the question whether he was indebted to the plaintiff and, if so, in what amount, and the jury found that the defendant was indebted to the plaintiff in the sum of $54, with interest thereon at 6 per cent. per annum from April 9, 1936, and in the further sum of $6.25, with interest from April 18, 1936. A judgment was entered sustaining the attachment and directing the sheriff to sell the land on which the attachment had been levied, or enough thereof to make the sums due the plaintiff. After due advertisement the sheriff sold the land on December 21, 1936, for $105.41 after it had been appraised at $300. The property having brought less than two-thirds the appraised value, the sheriff did not execute a deed to the purchaser until the redemption period expired. On September 22, 1937, a deed dated July 9, 1935, was lodged for record in the

Lawrence county clerk's office which purported to convey John Hall's interest in the land to his wife, Mabel Irene Hall. On December 17, 1937, L. E. Bradley filed an amended petition naming Mabel Irene Hall a defendant, in which it was alleged that the deed from John Hall to his wife was without consideration and was made for the purpose of defrauding and delaying the creditors of John Hall and was fraudulent and void as to them, and he asked that it be set aside and held for naught. On October 19, 1938, the defendants, John Hall and Mabel Irene Hall, entered their appearance and filed a motion to set aside the judgment and orders of the court theretofore rendered for the reason that they had not been summoned. On the same day they filed an answer and cross-petition in which it was denied that the defendant John Hall was indebted to the plaintiff in any amount. They made parties to the action Glover Adkins, Bell Adkins, and Jim Adkins to whom the land had been conveyed by the purchaser at the sheriff's sale. A number of subsequent pleadings were filed, but the issue finally made was whether or not John Hall had been summoned on the original petition.

John Hall testified positively that he was not summoned. The depositions were taken in 1940, nearly four years after the suit was filed, and at that time there was nothing in the papers in the case showing service of process. The judgment entered October 19, 1936, contains the following recitation:

"It appearing to the Court that the defendant, John Hall, has been properly summoned in the State of West Virginia, as provided by Section 56 of the Civil Code of Practice; that a copy of plaintiff's petition has also been served upon said John Hall in the State of West Virginia, as provided by Section 56 of the Civil Code of Practice, for more than 60 days prior to this term of court."

The petition carried the following notation, attested by the clerk:

"Filed April 18, 1936—Affiadavit—bond—order granting attachment—attachment and copy issued— two copies of petition, bond etc. made. Attest: W. S. Boggs, Clerk. $5.50 paid."

The attorney for the plaintiff testified that he mailed two certified copies of the petition with summons and

copy to the sheriff of Mingo county, West Virginia, together with the affidavits, required by Section 56 of the Civil Code of Practice, to be made by the person serving the summons. He advised the sheriff that it was necessary to make personal service on John Hall. The return was prepared so that the sheriff merely had to sign his name and swear to it after service of the process. The fee for service of process in West Virginia is 75 cents, and that amount was sent to the sheriff of Mingo county to pay for the service. The papers were returned to the plaintiff's attorney by the sheriff of Mingo county, West Virginia, showing that John Hall had been personally served with process, and the attorney delivered the sheriff's return to the circuit clerk of Lawrence county. The circuit clerk corroborates plaintiff's attorney in that he remembers certifying two copies of the petition and making out the summons and a copy and delivering them to plaintiff's attorney, and seeing them later after the return had been made by the sheriff. Plaintiff's attorney wrote and mailed a number of letters to John Hall at Chateroy, Mingo county, West Virginia, his post office address, calling his attention to the sale of the land and to his right to redeem it on or before December 21, 1937. Carbon copies of these letters were filed with his deposition. Hall denied that he received any of the letters, and claimed that he did not know the suit had been filed or that the land had been sold until some time in 1938. His testimony, however, is evasive and not convincing.

On June 28, 1940, the chancellor found that summons had been served on John Hall in West Virginia, as required by Section 56 of the Civil Code of Practice, and he adjudged that the deed from John Hall to his wife, recorded September 22, 1937, be canceled and set aside, and the answer and cross-petition of the Halls was dismissed. Appellants insist that it was error to render a personal judgment against John Hall, and further that the judgment ordering the sale of the property is erroneous because the bond required by Section 410 of the Civil Code of Practice was not executed. The answer is that a personal judgment was not rendered. The only judgment rendered was an order directing the sale of the attached property and the appropriation of the proceeds to the payment of the debt sued on. Where service is had pursuant to Section 56 of the Civil Code of Practice, execution of a bond before judgment, as required by Section 410 of the Civil Code of Practice in cases of con-

structive service, is unnecessary. Young's Trustee v. Bullen, 43 S. W. 682, 19 Ky. Law Rep. 1561; Carpenter v. Julian. 180 Ky. 580, 203 S. W. 323. The finding by the chancellor that the summons had been served and properly returned, as required by Section 56 of the Civil Code of Practice, is supported by the overwhelming weight of the evidence. Against the unsupported denial of the defendant is the testimony of the attorney for the plaintiff that the Code provisions were meticulously complied with, and that the copies of the papers which had been prepared by him were returned by the sheriff of Mingo county, West Virginia, with the affidavit required by the Code properly subscribed and sworn to, and that he delivered them to the circuit clerk. His testimony is corroborated and fortified by the testimony of the circuit clerk, by the attested notation on the petition and by the judgment of October 19, 1936, which recited that John Hall had been properly summoned in the state of West Virginia as provided by Section 56 of the Civil Code of Practice. There being sufficient evidence to establish that process had been served on the defendant and that the sheriff's return was in proper form, there was not sufficient proof to overcome the officer's return. The defendant's testimony that summons was not served on him is not sufficient for that purpose. McGuire v. Cope, 225 Ky. 521, 9 S. W. (2d) 528; Foster v. Hill, 282 Ky. 327, 138 S. W. (2d) 495. In an opinion delivered when the judgment appealed from was rendered, the chancellor said:

> "That there was such process there can be no question as Mr. Boggs, clerk and plaintiff's attorney both testify that same was issued and returned in due time. Hall says he was not served with process. As I have found that such process was issued and properly returned, the other facts in the case compel me to conclude that the evidence of Hall should not override the facts and presumptions of law that sustain official acts."

We think the evidence fully sustains the chancellor's finding, and the judgment is affirmed.